UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: *Reah Seals v. Sunrun Inc.*, No. 24-cv-1534

DATE: December 4, 2024

\* \* \*

On October 16, 2024, Defendant Sunrun Inc. filed a Motion to Compel Arbitration and Stay Action. ECF No. 27. Plaintiff Reah Seals responded by conceding that there is a binding agreement to arbitrate between the parties and instead asserted that Sunrun waived its right to enforce the agreement by engaging in the present litigation. ECF No. 30 at 1.

Once an agreement to arbitrate is established, "[t]he 'party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration.'" *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 347 (D. Md. 2015) (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000)). Seals, therefore, must show that Sunrun "t[ook] action 'inconsistent with an intention to insist upon enforcing' the arbitration clause." *Cain v. Midland Funding, LLC*, 452 Md. 141, 154 (2017) (quoting *BarGale Indus., Inc. v. Robert Realty Co.*, 275 Md. 638, 643 (1975)).

Seals does not meet her burden of showing that Sunrun engaged in conduct amounting to such a waiver. This case has been pending for a relatively short amount of time, just over six months. When Sunrun answered the Complaint on July 5, 2024, it asserted its right to arbitrate. ECF No. 12 at 2, 6. Sunrun otherwise had "legitimate reason" for its limited participation in the present litigation; namely, to comply with this Court's Scheduling Order, the Federal Rules of Civil Procedure, and to preserve its rights against both Plaintiff and Third-Party Defendant Topside Solutions, LLC. *See ARCO Nat'l Constr. LLC v. MCM Mgmt. Corp.*, 2024 WL 4041527, at \*10 (D. Md. Sept. 4, 2024).

The Court does not view Sunrun's efforts to settle the case—as directed by the Court—as conduct "inconsistent with an intention" to enforce the arbitration clause. Accordingly, Sunrun's Motion to Compel Arbitration and Stay Action (ECF No. 27) is **GRANTED** and the action is **STAYED** pending arbitration.

Despite the informal nature of this letter, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

Cc: Counsel of Record
Court file